

FILED
NOV 20 2015
CLERK, US DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.

ALDRIC SMIEJA HERNICK

Defendant.

Case Number: 2:15CR00044-001

USM Number: 85515-083

Defendant's Attorney: Rodolfo Cejas

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T.18, USC, Sections 2252(a)(4), 2256(1) and (2) | Possession of Child Pornography | Felony | September 2014 | 1 |

On motion of the United States, the Court has dismissed with prejudice the remaining count in the Superseding Indictment as to defendant ALDRIC SMIEJA HERNICK.

As pronounced on November 17, 2015, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Given this 17th day of November, 2015.

/s/
Rebecca Beach Smith
Chief Judge

Rebecca Beach Smith
Chief Judge

Case Number: 2:15CR00044-001
Defendant's Name: HERNICK, ALDRIC SMIEJA

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SEVENTY (70) MONTHS.

The Court makes the following recommendations to the Bureau of Prisons:
1) The defendant shall be placed in the intensive sex offender treatment program at the Federal Medical Center, Devens, Massachusetts, or, if not available, at a federal facility that offers an equivalent intensive sex offender treatment program. (There is no such program in Denver, as was represented to the court at sentencing.)

2) The court recommends that, after completion of the intensive sex offender treatment program, the defendant be incarcerated as close to the State of Washington as possible.

3) The defendant shall continue to receive counseling and treatment for his mental health/sex offender/anger management problems/addiction both before the inception of any intensive sex offender treatment program, and after the completion of any such program.

4) The defendant shall further his education towards obtaining a college degree, and by developing a skill.

5) In addition to his sex offender treatment, the defendant shall undergo a mental health evaluation and receive appropriate mental health treatment and counseling for anger management.

6) The defendant shall participate in a substance abuse treatment and counseling program, to include the Residential Drug Abuse Treatment Program (RDAP).

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this Judgment.


_____
UNITED STATES MARSHAL

By
_____
DEPUTY UNITED STATES MARSHAL

Case 2:15-cr-00044-RBS-DEM Document 45 Filed 11/20/15 Page 3 of 10 PageID# 234
AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case Page 3 of 7
Sheet 3 – Supervised Release

Case Number: 2:15CR00044-001
Defendant's Name: HERNICK, ALDRIC SMIEJA

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIFTEEN (15) YEARS. The defendant may be considered for early termination of supervised release after successfully completing a minimum of ten (10) years, upon the recommendation of the probation officer.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 2:15CR00044-001
Defendant's Name: HERNICK, ALDRIC SMIEJA

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment. The costs of these programs are to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

2) The defendant shall submit to polygraph testing as directed by the United States Probation Officer as part of the defendant's sex offender therapeutic program. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

3) The defendant shall submit to Abel Assessment for Sexual Interest (AASI) or penile plethysmograph testing as directed by the United States Probation Office as part of his sexual offender therapeutic treatment. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

4) The defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. This includes any internet service providers, bulletin board systems, or any other public or private computer network.

5) The defendant shall not have any access to or possess any pornographic material or pictures displaying nudity or any magazines using juvenile models or pictures of juveniles.

6) The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

7) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court or with a warrant.

8) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

9) The defendant shall comply with the requirements of the computer monitoring program as administered by the Probation Office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant.

Case 2:15-cr-00044-RBS-DEM   Document 45   Filed 11/20/15   Page 5 of 10 PageID# 236
AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case                                                                    Page 5 of 7
Sheet 3A – Supervised Release

Case Number: 2:15CR00044-001
Defendant's Name: HERNICK, ALDRIC SMIEJA

# SPECIAL CONDITIONS OF SUPERVISION CONTINUED

10) The defendant shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with this condition including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

11) The defendant shall continue to participate in a substance abuse treatment and counseling program, to include residential treatment if necessary, at the direction and discretion of the probation officer. The defendant shall bear the costs of this program.

12) The defendant shall continue to participate in a mental health treatment and counseling program, to include anger management, at the direction and discretion of the probation officer. The defendant shall bear the costs of this program.

13) The defendant shall waive all rights of confidentiality regarding substance abuse/mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

14) The defendant shall not engage in employment or volunteer services that allow him access to computers or minors.

15) The defendant shall pay for the support of his minor child in the amount ordered by any social service agency or court of competent jurisdiction. In the absence of any such order, payments are to be made on a schedule to be determined by the court at the inception of supervision, based on defendant's financial circumstances.

16) The court does not deny federal benefits because the denial is not applicable.

Case 2:15-cr-00044-RBS-DEM Document 45 Filed 11/20/15 Page 6 of 10 PageID# 237
AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case Page 6 of 7
Sheet 5 – Criminal Monetary Penalties

Case Number: 2:15CR00044-001
Defendant's Name: HERNICK, ALDRIC SMIEJA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | $100.00 | $0.00 | $0.00 |

## FINES

No fines have been imposed in this case.

## COSTS

The Court waives the cost of prosecution, incarceration, and supervised release, except to the extent the defendant will have to bear costs as outlined in the Special Conditions of Supervision.

## FORFEITURE

The court entered a Consent Order of Forfeiture on November 17, 2015, which is made a part hereof to the extent all applicable notice and legal requirements set forth in the Consent Order of Forfeiture are met.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
IN OPEN COURT

NOV 17 2015

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:15cr44 |
| ) | |
| ALDRIC SMIEJA HERNICK, ) | |
| ) | |
| Defendant. ) | |

## CONSENT ORDER OF FORFEITURE

BASED UPON the defendant's plea agreement with the United States, and FINDING that the requisite nexus exists between the property listed below, in which the defendant has an interest, and the offense(s) to which the defendant has pled guilty, IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 32.2 that:

    1.    The following property is forfeited to the United States pursuant to 18 U.S.C. § 2253:

> **One (1) HP Elite Book, Model 2760p, SN2C31310NOG with Hitachi 320GB SATA HDD, Model Z7K320-320, SN 110720E3834563JH95XN; and**
>
> **One (1) Motorola Droid Razr Maxx HD Cellphone with cracked screen seized from the defendant on March 4, 2015.**

    2.    The United States shall seize all forfeited property and shall take full and exclusive custody and control of same.

    3.    The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6).

    4.    Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of their alleged interest in the property.

5. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the *final* order of forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property in accordance with law.

6. The parties stipulate and agree that the aforementioned asset represents property described in 18 U.S.C. § 2253 and, as such, is subject to forfeiture thereunder. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and consents to the entry of this order.

Dated this 17th day of November 2015

/s/
Rebecca Beach Smith
Chief Judge
UNITED STATES DISTRICT JUDGE

2

I ask for this:
Dana J. Boente
United States Attorney

By: /s/ Alyssa Nichol
Alyssa M. Nichol
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: (757) 441-3554
Facsimile Number: (757) 441-6689
Email Address: anichol@usa.doj.gov


Seen and Agreed
Aldric Smieja Hernick
Defendant

By: /s/ Aldric Smieja Hernick

By: /s/ Rodolfo Cejas, II
Counsel for Defendant
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Office Number: (757) 457-0885
E-mail Address: rodolfo_cegas@fd.org

3

Case Number: 2:15CR00044-001
Defendant's Name: HERNICK, ALDRIC SMIEJA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment shall be due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.